IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

                                    ORDER

                                    17-cr-57-wmc-1

    v.

RADAMES HENDRIX,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review was held on September 13, 2019, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Julie Pfluger appeared for the government. The defendant was present in person and by counsel Christopher Van Wagner. Also present was U.S. Probation Officer Jelani Brown.

## FACTS

From the record I make the following findings of fact. The defendant was sentenced on January 31, 2019, following his conviction for distribution of a mixture or substance containing heroin, a Class C felony in violation of 21 U.S.C. § 841(a)(1). The defendant was committed to the custody of the Bureau of Prisons for a slightly below guideline sentence of time served given his already having spent 19½ months in state and federal custody, and the hope that under federal supervision for three years, he would get his act together. So far, he is much closer to federal prison than to early release. The defendant began his term of supervised release in the Western District of Wisconsin on February 7, 2019, and has repeatedly violated standard condition number 15 requiring him to submit to drug testing beginning within 15 days of the defendant's release and 60 drug tests annually thereafter. The defendant was referred to Attic Correctional Services for

substance abuse testing on May 13, 2019. As of this hearing, the defendant has missed *all* random urinalysis testing at Attic Correctional Services. In addition, on Tuesday, July 23, 2019, the defendant was instructed by the probation office to report to Attic Correctional Services for drug testing. As of this hearing, the defendant has still failed to report to drug testing as instructed, a violation of standard condition no. 2.

## CONCLUSIONS

Although the defendant has a lengthy criminal record, his criminal history score falls within Criminal History Category I. A criminal history category I combined with a Grade C violation has an advisory guideline range of imprisonment of 3 to 9 months. The statutory maximum to which the defendant can be sentenced upon revocation is two years, based on his conviction for a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervised release is revoked. The maximum term that can be re-imposed is 36 months, less any term of imprisonment imposed upon revocation.

The defendant's violations are concerning; however, a sentence of confinement at this juncture would not address his ongoing need for mental health treatment and drug testing. Accordingly, the defendant's term of supervised release will be continued. The special conditions will be modified to prohibit the defendant from working, volunteering, or residing with individuals who are not aware of his criminal history; to comply with third party risk notifications; and to require a complete mental health assessment and comply with all treatment recommendations resulting from the assessment.

## ORDER

IT IS ORDERED that the period of supervised release is CONTINUED as entered on January 31, 2019, with the addition of the following special conditions:

| | | |
|---|---|---|
| 4) | **Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. Probation Officer** | Based on the nature of the defendant's criminal history and the need to protect the public from further criminal activity perpetrated by the defendant, as suggested by his criminal history, including the conduct described in the Offense Behavior Not Part of Relevant Conduct of his presentence report. |
| 5) | **As directed by the probation officer, defendant shall notify third parties, spouses and significant others of defendant's criminal record, including his domestic violence history. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notification directly to third parties identified above.** | Based on the nature of the defendant's domestic violence history and the need to protect the public from further criminal activity perpetrated by the defendant, as suggested by his criminal history. |

The defendant is to comply with the mandatory conditions of supervised release, along with the standard and special conditions of supervised release imposed on January 31, 2019, which were reasonably related to the offense of conviction, his history and personal characteristics, and his demonstrated noncompliance with supervision.

Entered this 16th day of September, 2019.

BY THE COURT:

WILLIAM M. CONLEY
District Judge